DUKAT and wife, Respondents, vs. DE BOER MOTORS, INC., Appellant.

*March 8—April 5, 1955.*

426

428

429

For the appellant there was a brief by *Stern & O'Brien,* and oral argument by *John M. O'Brien* and *Philip W. Croen,* all of Milwaukee.

For the respondents there was a brief and oral argument by *Ben Lewis* of Milwaukee.

BROWN, J.   The finding that the plaintiff did not give permission for Krause to cover the sidewalk is contrary both to the written permission and to plaintiff's interpretation of the intent of the writing.   The finding that the location of the easement originally granted on August 7, 1947, has not been changed by any of the parties to the original conveyance or their successors in title is also contrary to the undisputed evidence.   The written demand made by plaintiff's counsel on June 13, 1950, locates the easement then claimed by plaintiff by reference to an iron post which is on the northwest corner of the original Northern Realty Company lot, whereas the sidewalk in dispute ran south from that lot's northeast corner, approximately three and one-half feet west of the easterly line of the lot.   When the parties met, after defendant had received the written demand, to discuss plaintiff's objections, plaintiff himself testified that the area immediately adjoining the west line was the easement which he claimed and wished to have kept clear.   Plaintiff's own testimony establishes the fact that the parties had relocated the original easement by mutual consent.   The court's findings to the contrary are against all the credible evidence and when corrected will not support the judgment which therefore must be reversed.

Defendant has asked that this court use its equity powers to define the easement to which plaintiff is entitled.   Plaintiff's original easement was approximately two and one-half feet wide.   His demand on defendant for an unobstructed easement along the west lotline was acceded to by defendant by outlining in yellow paint a four-foot strip along that line.   This gave plaintiff slightly more width than he had in his original easement but it is clear that it met plaintiff's demand as to location.   We must hold that this easement has been substituted by mutual agreement for the original one.

*By the Court.*—Judgment reversed, and cause remanded with directions to the trial court to enter judgment locating

an easement for the benefit of plaintiff's premises over and upon the westerly four feet in width of defendant's premises and extending from Forest Home avenue to the northern boundary line of plaintiff's property, as such premises are described in the judgment previously entered herein.